Robert Bernstein, M.D. Commissioner of Health Texas Department of Health 1100 West 49th Street Austin, Texas 78756
Re: Whether the reporting requirements of section 4(a) of article 4512.8, V.T.C.S., the Texas Abortion Facility Reporting and Licensing Act, apply to both licensed and unlicensed facilities
Dear Dr. Bernstein:
You ask about the scope of the reporting requirements set out in the Texas Abortion Facility Reporting and Licensing Act, article 4512.8, V.T.C.S.
The act sets out the following reporting requirements, which apply to any "facility":
 Sec. 4. (a) Each facility must submit an annual report to the [Department of Health] on each abortion that is performed at the facility on a form provided by the department. The report shall not identify by any means the physician performing the abortion or the patient on whom the abortion was performed. The report shall include the following information:
 (1) whether or not the facility at which the abortion is performed is licensed under this article;
 (2) patient's year of birth, race, marital status, and state and county of residence;
(3) type of abortion procedure;
(4) the date the abortion was performed;
 (5) whether the patient survived the abortion, and if the patient did not survive, the cause of death;
 (6) the period of gestation based on the best medical judgment of the attending physician at the time of the procedure; (7) the date, if known, of the patient's last menstrual cycle;
(8) the number of previous live births of the patient;
(9) the number of previous induced abortions of the patient.
 (b) All information and records held by the department under the provisions of this article shall be strictly confidential and not considered open records for the purposes of Chapter 424, Acts of the 63rd Legislature, Regular Session, 1973, as amended (Article 6252-17a, Vernon's Texas Civil Statutes). Such information shall not be released or made public upon subpoena or otherwise, except that release may be made under the following circumstances:
 (1) release is made for statistical purposes only, so that no person, patient or facility may be identified; or
 (2) release is made with the consent of each person, patient and facility identified in the information released; or
 (3) release is made to medical personnel, appropriate state agencies, or county and district courts to enforce the provisions of this article.
 (c) A violation of this section is punishable as a Class A misdemeanor.
Art. 4512.8, § 4. The act defines "facility" as "a place where abortions are performed." Art. 4512.8, § 2(1).
The act also provides that a person may not establish or operate a "facility" without "the appropriate license issued under this article." Art. 4512.8, § 5. Section 6(f), however, provides:
 Nothing in this article shall be construed to require a facility licensed under the Texas Hospital Licensing Law (Article 4437f, Vernon's Texas Civil Statutes) or the office of a physician licensed under the Medical Practice Act (Article 4459b, Vernon's Texas Civil Statutes) to obtain a license under this article, unless such office is utilized primarily for the purpose of performing abortions. (Emphasis added).
You ask:
 Do the reporting requirements set forth in section 4(a) of article 4512.8, V.T.C.S., apply only to licensed facilities or to both licensed facilities and those facilities which are exempt from licensure under section 6(f) of that act?
We conclude that the reporting requirements apply to any place where abortions are performed, including a place licensed under the Hospital Licensing Law, article 4437f, V.T.C.S., or a place that is the office of a physician licensed under the Medical Practice Act, article 4495b, V.T.C.S. Section 6(f) exempts certain places from the licensing requirements only. Also, it refers to the places exempted as "facilities." In other words, the licensing exemption only makes certain places exempt from licensing requirements. It does not exempt those places from the definition of "facility." The reporting requirements apply to any "facility" — in other words, to any "place where abortions are performed." Therefore, the plain language of article 4512.8 requires us to conclude that the reporting requirements of article 4512.8 apply to any facility licensed under the Hospital Licensing Act and any facility that is the office of a physician who is licensed under the Medical Practices Act as well as any facility licensed under article 4512.8. Also, section 4(a)(1) requires reporting of whether the "facility" "is licensed under this article." This would be surplusage unless unlicensed facilities had to report.
Also, we think there is an obvious reason for exempting certain facilities from the licensing requirements but not from the reporting requirements. The exemption from the licensing requirements under article 4512.8 applies only to facilities licensed under the Hospital Licensing Law or to the offices of physicians who are licensed under the Medical Practices Act. Apparently the legislature determined that "double licensing" is unnecessary or undesirable because the licensing requirements of those acts ensure the standards of care that the licensing requirements of article 4512.8 are intended to ensure. The reporting requirements of article 4512.8, on the other hand, are at least in part for statistical purposes. See art. 4512.8, § 4(b)(1). It makes sense to compile statistics regarding abortions from all facilities at which abortions are performed, not just those licensed under article 4512.8.
Therefore, we conclude that the reporting requirements of article 4512.8 apply to any place where abortions are performed, regardless of whether the place is exempt from the licensing requirements of article 4512.8.
 SUMMARY
The reporting requirements of article 4512.8, section 4, V.T.C.S., apply to all facilities at which abortions are performed, not just to those facilities licensed under article 4512.8, V.T.C.S.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General